**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
**CASE NO: 1:18-CV-59**

**NATIONAL FIRE INSURANCE COMPANY**
**OF HARTFORD, an Illinois Corporation,**

        **Plaintiff,**

v.

**WESTFIELD INSURANCE COMPANY, an Ohio Corporation,**

        **Defendant.**

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD ("National Fire"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against WESTFIELD INSURANCE COMPANY and alleges as follows:

## NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. National Fire seeks a declaration that Westfield has a duty to reimburse National Fire Seven Hundred and Twenty-Five Thousand Dollars and 00/100 ($725,000.00) in settlement funds and approximately Seventy-Five Thousand One

1

Hundred Fifty Dollars and 08/100 ($75,150.08) in defense fees and costs National Fire paid on behalf of their mutual insured, Qualico Steel Company, Inc. ("Qualico"), in the underlying lawsuit styled *Derek Schippa v. Qualico Steel Co., Inc. and Ronald Hines,* Case No. 1331- CC01656, In the Circuit Court of Green County, Missouri (hereinafter referred to as the "Underlying Lawsuit").

3. National Fire seeks a declaration Westfield has a duty to reimburse National Fire for the amount of defense costs and indemnity paid on behalf of Qualico in the Underlying Lawsuit based upon the terms of the insuring agreements, the additional insured and the other insurance provisions in the policies at issue.

4. There is an actual, clear, present and bona fide controversy between the parties with respect to Westfield's obligations to reimburse National Fire for the defense costs and indemnity paid on behalf of their mutual insured, Qualico, in the Underlying Lawsuit.

5. National Fire's and Westfield's rights and obligations, pursuant to their policies of insurance, are dependent upon this court's interpretation of the policies' terms, conditions, limitations, provisions, exclusions, and endorsements.

6. The adverse party is before the court by proper process.

**PARTIES**

7. At all relevant times herein, Plaintiff, National Fire was and is a corporation organized and existing under the laws of Illinois with its principal place of business located in Chicago, Illinois.

8. At all relevant times herein, Westfield was and is a corporation organized and existing under the laws of Ohio with its principal place of business located in Westfield Center, Ohio.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00).

10. This action is brought pursuant to 28 U.S.C. § 2201 (a), the Declaratory Judgment Act, which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

11. Venue is proper in this Court pursuant 28 U.S.C. § 1391 (d), because Westfield does business in the State of Michigan; Westfield issued the insurance policy which is the subject matter of this lawsuit in Michigan; Westfield is a resident of this judicial district; and Westfield is subject to the personal jurisdiction of this Court.

## THE UNDERLYING LAWSUIT

12. On or about December 19, 2013, Derek Schippa filed the Underlying Lawsuit against Qualico seeking damages for bodily injuries he allegedly sustained as a result of an incident which occurred on or about September 22, 2010 while he was working as a steel erector for Lamar Construction, Inc. ("Lamar") on the McLane

Distribution Center jobsite in Republic, Missouri (the "Jobsite"). A true and accurate copy of the Underlying Lawsuit is attached hereto as **Exhibit "A"**.

13. The Underlying Lawsuit alleged that Mr. Schippa was a full-time laborer for a subcontractor hired to construct the exterior and interior of the Jobsite. (**Exh. A, ¶¶ 2, 13**).

14. Qualico was alleged to have provided all of the pre-fabricated structured steel frames for the Jobsite. (**Exh. A, ¶ 19**).

15. Mr. Schippa alleged that on September 22, 2010, he was instructed to half deck the mezzanine at the Jobsite and as Mr. Schippa was welding a 3 X 3 angle to the joist, the re rod shop welded by Qualico snapped and caused Mr. Schippa to fall to the ground. (**Exh. A, ¶19**).

16. The Underlying Lawsuit alleged counts of Negligence and Strict Liability against Qualico. (**Exh. A**).

17. On April 30, 2010, Qualico and Lamar entered into Subcontract #3543 (the "Subcontract"). In the Subcontract, Lamar is referred to as the "Subcontractor" and Qualico is referred to as the "Contractor." A true and correct copy of the Subcontract is attached as **Exhibit "B."**

18. The Subcontract provides, in relevant part, as follows:

Insurance: Subcontractor shall provide certificates indicating coverage and limits shown below. Qualico Steel Co., Inc. shall be named as a certificate holder. Owner shall be named as an additional insured. …Coverages are as follows:

| | |
|---|---|
| Commercial General Liability | $1,000,000 each occurrence and $2,000,000 Annual Aggregate |

***

TERMS & CONDITIONS:

A. This Subcontract, the documents enumerated herein, and the attachments hereto, shall comprise the Agreement between the Contractor and the Subcontractor.

B. All of the Contract Documents enumerated herein are a binding part of, and are totally included in the Subcontract between the Contractor and Subcontractor.

***

**Qualico Steel Co., Inc.**

Standard Terms and Conditions
This Sub-Contract / Purchase order is subject to and will be covered by the terms and conditions listed below:

1. Contractor / Buyer is the entity that is purchasing the labor or materials. Subcontractor / Seller is the entity that the labor, services or goods are being purchased from.

***

BY ACCEPTING THIS ORDER, SELLER AGREES THAT:

***

J. INSURANCE AND LIABILITY: …Seller shall maintain and upon request by Buyer, produce evidence of insurance coverage as follows: …Commercial General Liability, including contractual liability, premises, operations, products, completed operations and independent contractor coverage. …All Insurance policies are to have limits of $1,000,000 per occurrence / aggregate for both personal injury and property damage. Buyer and Owner shall be named as Additional Insured under such liability, including Products and Completed Operations. …Sellers [sic] insurance coverage shall be primary and non-contributory with any insurance or self-insurance maintained by the Buyer and the Buyers [sic] customer. …
**(Exh. B.)**

19. During all relevant times, National Fire defended Qualico against the claims alleged and damages sought in the Underlying Lawsuit.

20. National Fire paid approximately $75,150.08 in defense fees and costs in its defense of Qualico against the Underlying Lawsuit.

21. On or about July 12, 2012, defense counsel for Qualico, tendered the defense and indemnification of Qualico to Lamar based upon the terms of the Subcontract. A true and accurate copy of the July 12, 2012 letter is attached hereto as **Exhibit "C."**

22. On or about April 3, 2014, Westfield responded to the July 17, 2012 pre-suit tender. In that letter, Westfield denied any duty to defend or indemnify Qualico against the Underlying Lawsuit. A true and accurate copy of Westfield's April 3, 2014 tender response is attached hereto as **Exhibit "D."**

23. On September 21, 2015, defense counsel for Qualico sent Westfield a letter advising Westfield of the upcoming mediation and trial dates in the Underlying Lawsuit. In that letter, counsel demanded that Westfield defend and indemnify Qualico against the claims alleged and damages sought in the Underlying Lawsuit. A true and accurate copy of the September 21, 2015 letter is attached as **Exhibit "E."**

24. Westfield did not respond to the September 21, 2015 letter.

25. Westfield did not participate in the mediation or any settlement negotiations with respect to Mr. Schippa's claims against Qualico in the Underlying Lawsuit.

26.    On October 19, 2015, National Fire, settled the Underlying Lawsuit by paying $725,000 on behalf of Qualico in exchange for a full release of all of Mr. Schippa's claims against Qualico (the "Settlement Amount"). A true and correct copy of the Settlement Agreement and Release of All Claims in the Underlying Action is attached hereto as **Exhibit "F."**

27.    As part of the settlement agreement, National Fire reserved all rights to seek reimbursement from Westfield for the defense fees and costs and the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit. (**Exh. F**)

## THE NATIONAL FIRE POLICY

28.    National Fire issued policy number 2095973650 to Qualico Steel Company, Inc. for the July 31, 2010 through July 31, 2011 policy period (the "National Fire Policy"). A true and correct copy of the National Fire Policy is attached hereto as **Exhibit "G."**

27.    The National Fire Policy provides for a One Million Dollar ($1,000,000.00) per occurrence limit with a products / completed operations aggregate limit of Two Million Dollars ($2, 000, 00.00). (**Exh. G**).

28.    The Insuring Agreement of the National Fire Policy contains provides, in relevant part, as follows:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

29. The Other Insurance clause contained in the National Fire Policy provide as follows:

**Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

\*\*\*

**b. Excess Insurance**

**(1)** This insurance is excess over:
\*\*\*
**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

**(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

## **THE WESTFIELD POLICY**

30. On information and belief, Westfield issued policy number CMM3441856 to Lamar Construction, Inc. (the "Westfield Policy"). The undersigned is not currently in possession of a complete and/or certified copy of the Westfield Policy, but anticipates receiving the same during discovery in this matter at which point the undersigned will file said document in the docket for this case.

31. On information and belief, the Westfield Policy contains Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You, form number CG2033 07 04 which provides, in relevant part, as follows:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Section II - Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused , in whole or in part, by:

   1. Your acts or omissions; or

   2. The acts or omissions of those acting on your behalf;

## COUNT I
## DECLARATORY JUDGEMENT

32. National Fire restates and re-alleges the allegations in Paragraph Nos. 1. - 31. as if the same were set forth herein.

33. Pursuant to the terms of the Subcontract, the additional insured endorsements, the other insurance provisions and the insuring agreements contained in the policies at issue in this case, any coverage provided under the National Fire Policy for any liability alleged against Qualico in the Underlying Lawsuit is excess to any insurance coverage available to Qualico under the Westfield Policy.

34. Pursuant to the terms of the Subcontract, the additional insured endorsements, the other insurance provisions and the insuring agreements contained in the policies at issue in this case, National Fire is entitled reimbursement of defense fees and costs and the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit because any insurance coverage provided under National Fire's Policy for liability alleged against Qualico is excess to any coverage available to Qualico under the Westfield Policy.

**WHEREFORE,** National Fire requests entry of a declaratory judgment in its favor finding and declaring;

A. Pursuant to the terms of the Subcontract, the additional insured endorsements, the other insurance provisions and the insuring agreements contained in the policies at issue in this case, the insurance coverage provided to Qualico under the National Fire Policy for defense and indemnification against the claims and damages sought in the Underlying Lawsuit is excess to the coverage provided Qualico under the Westfield Policy;

B. Pursuant to the terms of the Subcontract, the additional insured endorsements, the other insurance provisions and the insuring agreements contained in the policies at issue in this case, Westfield must reimburse National Fire the amount of the defense fees and costs and the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit;

C. Any other relief this court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

35. National Fire restates and re-alleges the allegations in Paragraph Nos. 1. - 31. as if the same were set forth herein.

37. On information and belief, pursuant to the terms of the Westfield Policy, the Westfield Policy provides primary coverage to Qualico for the claims alleged and damages sought in the Underlying Lawsuit.

38. As the primary insurer, Westfield had a duty to defend and indemnify its insured, Qualico, against the Underlying Lawsuit.

39. Westfield refused to defend and indemnify Qualico against the Underlying Lawsuit thereby causing National Fire to sustain damages based upon the defense fees and costs and Settlement Amount paid on behalf of Qualico in Underlying Lawsuit.

40. Westfield has retained a benefit to the detriment of National Fire in the amount of the defense fees and costs and Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit by National Fire. National Fire paid defense fees and costs and indemnity on behalf of Qualico for which Westfield was primarily obligated to pay.

41. Allowing Westfield to retain the benefit conferred upon it by National Fire would be inequitable.

42. National Fire, therefore, seeks reimbursement for 1) the amount of defense fees and costs it paid on behalf of Qualico; and 2) the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit, in accordance with the equitable doctrine of unjust enrichment.

**WHEREFORE**, Plaintiff, National Fire Insurance Company of Hartford, seeks a judgment against Defendants, Westfield Insurance Company, as follows:

A. Declaring that Westfield must reimburse National Fire for the amount defense fees and costs paid on behalf of Qualico in the Underlying Lawsuit;

B. Declaring that Westfield must reimburse National Fire for the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit; and

C. For all other relief allowed in law and equity the Court deems appropriate and just.

## COUNT III

## EQUITABLE SUBROGATION

43. National Fire restates and re-alleges the allegations in Paragraph Nos. 1. - 31. as if the same were set forth herein.

44. On information and belief, pursuant to the terms of the Westfield Policy, the Westfield Policy provides primary coverage to Qualico for the claims alleged and damages sought in the Underlying Lawsuit.

45. As the primary insurer, Westfield had a duty to defend and indemnify its insured, Qualico, against the Underlying Lawsuit.

46. Westfield refused to defend and indemnify Qualico against the Underlying Lawsuit.

47. Pursuant to the provisions in its policy, National Fire paid defense fees and costs and the Settlement Amount on behalf of Qualico in the Underlying Action for which Westfield was primarily obligated to pay.

48. National Fire's payment of the defense fees and costs and the Settlement Amount on behalf of Qualico against the claims alleged and damages sought in the Underlying Complaint was not voluntary.

49. National Fire is entitled to recover the amount of the defense fees and costs and the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit based upon the terms of the Subcontract, the additional insured endorsements, the other insurance provisions and the insuring agreements contained in the policies at issue in this case.

50. National Fire seeks reimbursement from Westfield for the amount of the defense fees and costs and the Settlement Amount paid on behalf of Qualico in the Underlying Lawsuit pursuant to the doctrine of equitable subrogation.

**WHEREFORE**, Plaintiff, National Fire Insurance Company of Hartford, seeks a judgment against Defendants as follows:

A. Declaring that Westfield must reimburse National Fire for the amount of the defense fees and costs and the Settlement Amount paid on behalf Qualico in the Underlying Lawsuit; and

B. For all other relief allowed in law and equity the Court deems appropriate and just.

**Dated: January 16, 2018**

    Respectfully submitted,

**CNA COVERAGE LITIGATION GROUP**

s/ Lisa A. Pach
Lisa A. Pach
Lisa.pach@cna.com
CNA COVERAGE LITIGATION GROUP
4631 Woodland Corporate Boulevard
Suite 315
Tampa, Florida 33614
Telephone: (813) 880-5175
Facsimile: (312) 260-6859

Ralph C. Chapa, Jr., Esq.
Michigan Bar No. P40612
KAUFMAN PAYTON & CHAPA
200 Kaufman Financial Center
30833 Northwestern Hwy.
Farmington Hills, MI 48334
Telephone: (248) 626-5000
Facsimile: (248) 626-2843
RCChapa@kaufmanlaw.com

**Trial Counsel for Plaintiff National Fire Insurance Company of Hartford**